ORTIZ, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 396.—Decided May 9, 1919.

POSSESSORY TITLE—ADJOINING OWNERS—SUMMONS—SERVICE.—There is no statute requiring that the summons issued by the clerk of the court to the adjoining owners shall be attached to the possessory title proceeding. It is sufficient that the record contain the affidavit or certificate of the process server.

ID.—RETURN OF SERVICE.—Although in this case the server of the summons did not state in his return the place, day and hour of service, these are minor defects which, as they were passed over both by the judge and the district attorney, can only be raised in an ordinary suit by some one really interested and who shows that he was prejudiced by such failure of statement.

ID.—EVIDENCE—AFFIDAVITS OF WITNESSES.—In taking evidence in a possessory title proceeding the witnesses should personally appear in the court having jurisdiction of the proceeding. Affidavits made before the clerk of the court are without effect although ratified by the witnesses in open court, as occurred in this case.

ID.—APPEARANCE.—In a possessory title proceeding the district attorney and the adjoining owners should be given a reasonable time to appear before the court, and one day is not a reasonable time.

ID.—POSSESSION.—As the decision of the court in a possessory title proceeding is limited to the question of possession, the registrar need not inquire as to the rights of the grandmother and grandchildren among themselves.

ID.—WILL.—Whether or not it is proved that a will has been revoked is not an inquiry for a possessory title proceeding. The possessor is not bound to show that the will under which he claims has not been revoked or that it was duly executed with all the formalities of law.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The registrar refused record to a judgment responsive to a writ of possession on various grounds.

The first was that the citation of the neighbors was not duly returned to the secretary's office, as required by the Code of Civil Procedure. There was, however, an affidavit of service in this case and the registrar was in error. The case falls within the decision of this court in *Echevarría* v. *Rgistrar of Guayama, ante,* p. 246.

While it is true that the server of the citation, Félix Pacheco, did not state in his affidavit the place, day and hour when he served the same, these are minor defects which, as they were passed over both by the judge and the *fiscal,* can only be raised in an ordinary suit by some one really interested and who shows he was prejudiced by such failure of statement.

It next appears that there were affidavits presented in this case, taken before the secretary of the court instead of the practice required by the law. *Meléndez* v. *Registrar,* 17 P. R. R. 575. There is a finding of the court which recites that the sworn declarations of the witnesses were ratified in open court; but the proper interpretation of the *Meléndez Case, supra,* is that the witnesses should appear in court and their statement made there then be reduced to writing.

As the action of the registrar should be affirmed because of the above defect, we shall briefly discuss the other errors alleged by appellant.

The *fiscal* and the neighbors, for example, should have been given more than a day to appear before the court, even though the *fiscal* is willing and actually appears within that time. We think the failure to give more time was error.

We shall not examine the question whether the mother of a natural child has a claim on an estate when the said child itself has natural children, inasmuch as the decision of the court in a possessory proceeding is limited to the question of possession and the registrar need not inquire as to the rights of the grandmother and grandchildren among themselves, a principle that may be gathered from sections 391 and 392 of the Mortgage Law.

Similar considerations apply to the alleged fifth and sixth errors. Whether it is proved or not that a will has been revoked is not an inquiry for a possessory proceeding, and the possessor is not bound to show that the will under which he claims has not been revoked. He has a sufficient color of title to justify the judgment. *Chiqués* v. *Registrar of Caguas, ante,* p. 85.

Nor do we think when a will emanates from the office of a notary it is necessary in a possessory proceding to show that it was duly executed with all the formalities of law. It seems, likewise, to be *prima facie* sufficient for the purpose of a possessory title. *Chiqués* v. *Registrar, supra.*

With regard to the matter of the lack of proof of payment of inheritance taxes, as the matter has not been sufficiently discussed we shall refrain from passing upon it.

The note must be affirmed solely on the grounds that the affidavits were not sufficient, and the time of citation to the neighbors and the *fiscal* ought to have been reasonably longer than one day.

*Affirmed in part.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.